

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein* | *36 South Charles Street* | DIRECT: 410-209-4895 |
| *United States Attorney* | *Fourth Floor* | MAIN: 410-209-4800 |
| | *Baltimore, Maryland 21201* | FAX: 410-962-3124 |
| *Michael C. Hanlon* | | TTY/TDD: 410-962-4462 |
| *Chief, Violent Crimes* | | *Michael.Hanlon@usdoj.gov* |

March 9, 2014

The Honorable George L. Russell, III
United States District Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    United States v. Devin Jones
                Case No. GLR-13-0394

Dear Judge Russell:

In advance of the motions hearing scheduled for tomorrow, I am writing to advise the Court of the government's understanding concerning the currently pending motions.

The defense claims are submitted in a single motion, ECF 36, which replaced the previously filed defense motions. The government responded in a memorandum of law. ECF 39. The defense filed a reply. ECF 45.

### Motion to Suppress Evidence pertaining to evidence from 3808 W. Rogers Avenue

The defense has filed a motion for a *Franks* hearing on the theory that false statements were made by the affiant, a Baltimore City police detective, in the search warrant for 3808 W. Rogers Avenue. I previously have advised defense counsel that the government will not oppose the taking of evidence with respect to several of the statements alluded to by the defense. Although the government does not believe that there is any substantial evidence of any false or misleading statements with respect to the warrant, the government does believe that the easiest way to address some of the defense's arguments will simply be to allow testimony to be taken. The government's understanding is that the defense alleges four false statements (or categories of statements) in its original motion (ECF 36) and in the reply memorandum (ECF 45), in support of its request for a *Franks* hearing. Specifically, they are:

        1.    The alleged false statement concerning the Volkswagon surveillance

2. The alleged false summary statement ("several" and "directly")

3. The use of the phrase "evening" with respect to surveillance times

4. The feasibility of surveillance at Mountwood/Augusta (i.e. the impact of the lines of sight from hedges, whether surveillance was possible, etc.)

Part of the reason that the government is agreeing to conduct an evidentiary hearing is that the warrant affidavit does contain two specific errors. First, with respect to the fourth date[1] of surveillance, Detective Lugo's surveillance did not take place during the "fourth week" of April, but rather on April 30, 2012, which was the beginning of the fifth week of April. Second, the warrant affidavit states that during this fourth date of surveillance (which occurred at night at 3808 W. Rogers Avenue), the detective ran an MVA check on a Range Rover he observed. It appears that the MVA check was run the week before and not during the nighttime surveillance. The government has provided documentation to the defense concerning the timing of the Range Rover query. The government does not believe that these misstatements are evidence of an intent to mislead, or reckless disregard for the truth, but does not oppose an evidentiary hearing for purposes of a complete record. I anticipate that the detective will testify that he was simply mistaken with respect to those details.

The defense has the burden of proving, by a preponderance of the evidence, that the search warrant for 3808 W. Rogers Avenue was issued in reliance on a deliberately or recklessly false affidavit. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). My understanding is that the defense will call witnesses tomorrow, including perhaps Detective Lugo. Depending on the evidence the defense presents, the government may present witnesses of its own.

### Motion to Suppress Evidence pertaining to 1246 N. Augusta Avenue

This motion relates to the drugs recovered from the front steps stash location at 1246 N. Augusta Avenue. As discussed in its response memorandum, the government believes that this evidence was properly recovered by the police. The government has the burden of demonstrating that the drugs were legally seized from the stash location on the 1246 N. Augusta steps. On this issue, the government will present the testimony of Sgt. Jeffrey Young and Detective Frank Friend, who recovered the drugs from the steps on May 9, 2012. The detectives are expected to testify that the drugs were in plain view from the walkway at 1246 N. Augusta. The drugs were located on the front porch steps, but were visible from the walkway.

There is also a legal issue in dispute: whether the officers were permitted to be on the walkway in the first place. The government's position is that they were permitted to be on the walkway and that their observations from that vantage point were lawful.

---

[1] The "fourth date" of surveillance is relevant because this was the instance in which Detective Lugo positioned himself near 3808 W. Rogers, saw the light come on, saw a female leave, and then saw the defendant leave. As the defense has pointed out, the episode figured prominently in the government's memorandum of law because it established a residential relationship between the defendant and that location.

**Motion to Suppress Statements**

The admissibility of the defendant's statements will turn on the Fourth Amendment issues discussed above, as discussed in the briefs.

Thank you for your consideration of this matter.

                                                        Respectfully Submitted,

                                                        Rod J. Rosenstein
                                                        United States Attorney

                                                        By: _____/s/_____
                                                        Michael C. Hanlon
                                                        Assistant United States Attorney

cc:      Counsel via ECF